

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Real Property Located at 2644 West Northview Avenue, Phoenix, Arizona 85051, etc.,

Defendant.

.

Re: The interest of Alfonso Lopez Zuniga.

No. CV-05-03133-PHX-LOA

**ORDER**

This is the time set for Rule 16 scheduling conference. Plaintiff is represented by counsel, AUSA Lisa J. Roberts. Also present is DEA case agent Special Agent, William Neil. Alfonso Lopez Zuniga ("claimant") is neither present nor represented by counsel. Court reporter is not present.

AUSA Roberts advises the Court that she properly served non-uniform interrogatories, a request for production of documents and request for admissions on claimant's counsel on February 24, 2006 prior to the order allowing claimant's counsel to withdraw as counsel of record. Defense counsel was permitted to withdraw because counsel had lost contact with his client and had no way of communicating to him. (docket # 14) Special Agent Neil advises the Court that claimant, a Spanish-speaker only, was indicted by

a federal grand jury in October, 2005, is the subject of a federal arrest warrant and has likely fled to Mexico. Both AUSA Roberts and Special Agent Neil avow that they do not know claimant's present whereabouts and have had no personal contact with him. Of course, the requests for admission have now been deemed admitted due to claimant's failure to timely respond to them. Rule 36, FED.R.CIV.P. The other discovery requests are also overdue.

On March 9, 2006, this Court ordered Alfonso Lopez Zuniga to immediately file a Notice of his current address with the Clerk and comply with all the Local Rules including LRCiv 83.3(d)(filing notice of change of address). The docket confirms that this order was mailed by the Clerk to Alfonso Lopez Zuniga's last known address and that Alfonso Lopez Zuniga has not complied with the Court's March 9, 2006 order.

It is well established in this circuit that "[u]nder our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all the facts, notice of which can be charged upon the attorney." Kirk v. INS, 927 F.2d 1106, 1108 (9th Cir.1991) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)); Virtual Vision, Inc., Praegitzer Industries, Inc., 124 F.3d 1140, 1144 (9th Cir. 1997).

Alfonso Lopez Zuniga has violated the Court's March 9, 2006 and prior orders by failing to advise the Court of his new address and failing to appear at today's Ruling 16 scheduling conference. The Rule 16 scheduling conference is an important step in expeditiously processing a civil case. In fact, the Ninth Circuit has stated that the Rule 16 scheduling order is to be taken seriously by counsel and litigants. Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken seriously"). Rule 16(f) authorizes the impositions of sanctions that are just if no appearance is made on behalf of a party at the Rule 16 scheduling conference. Such sanctions may include an order striking Alfonso Lopez Zuniga's Answer, filed on December 5, 2005, and entering a judgment by default against Alfonso Lopez Zuniga's interest, if any, in the subject property. See, Rule 37(b)(2)(C), FED.R.CIV.P.

In view of Plaintiff's failure to comply with court orders and has plainly abandoned his interest, if any, in the subject property and this lawsuit, this litigation has come to a halt and has jeopardized the Court's and Plaintiff's ability to comply with Rule 1, FED.R.CIV.P., and the Civil Justice Reform Act of 1990.[1] See, 28 U.S.C. §471 et seq. While this Court favors the resolution of disputes on the merits, district courts, however, owe a duty to promote effective litigation and to protect diligent litigants. Chandler Leasing Corporation v. UCC, Inc., 91 F.R.D. 81, 83 (7th Cir.1981); C.K.S. Engineers v. White Mountain Gypsum Company, 726 F.2d 1202, 1206 (7th Cir.1984). In fulfilling this duty, it is within the trial court's sound discretion to grant a motion for default judgment. Dundee Cement Company v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir.1983). The Court will order Alfonso Lopez Zuniga to show cause in writing on or before **Monday**, **May 1, 2006** why judgment by default against his interest, if any, in the subject property should not be entered for failure to comply with Court orders. Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)(trial courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case).

In an effort to ensure fair notice to claimant that comports with the minimum constitutional requirements of due process of law, the Court will order Plaintiff to publish a notice in Spanish in a Spanish newspaper of general circulation in Maricopa County, pre-approved by the Court, that reasonably informs claimant that he will lose his interest, if any, in the subject property if he fails to comply with this order. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (holding due process requires "notice reasonably calculated, under all the circumstances, to apprise interested

---

[1] The Civil Justice Reform Act provides that each United States District Court must develop a civil justice expense and delay reduction plan which facilitates the deliberate adjudication of civil cases on the merits, monitors discovery, improves litigation management, and ensures just, speedy, and inexpensive resolutions of civil disputes.

parties of the pendency of the action and afford them an opportunity to present their objections").

Accordingly,

**IT IS ORDERED** that on or before **May 1, 2006**, Alfonso Lopez Zuniga shall show cause in writing why a default judgment should not be entered against his interest, if any, in the subject property for failure to comply with Court orders and his failure to appear at today Rule's 16 scheduling conference pursuant to Fed.R.Civ.P. 16 and 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall provide the Court by **5:00 p.m. on Friday, March 31, 2006** with a proposed Notice to Alfonso Lopez Zuniga that fairly apprizes him that his failure to comply with this order to show cause will likely result in a default judgment entered against his interest, if any, in the subject property. The approved Notice shall thereafter be translated into Spanish and shall be published in either:

a. La Voz, 800 N. First Ave., Phoenix, Az 85003; phone: (602) 253-9080. Contact person is Elvira Ortiz at elviraortiz@lavozpublishing.com

or

b. Prensa Hispana Spanish Newspaper, 809 E. Washington St., Suite 209, Phoenix, Az 85034; phone: (602) 256-2443. Email address is www.prensahispanaaz.com

Both are Spanish-language newspapers of general circulation in Maricopa County, Arizona, site of the subject property.

**IT IS FURTHER ORDERED** directing the Clerk to send a copy of this Order to Alfonso Lopez Zuniga at his last known address: 2644 West Northview Avenue, Phoenix, Arizona 85051.

DATED this 24th day of March, 2006.

Lawrence O. Anderson
United States Magistrate Judge